IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROSS A. FIORANI           * | |
|     Plaintiff, | |
| v.           * | CIVIL ACTION NO. PJM-14-3415 |
| NAVY FEDERAL CREDIT UNION           * | |
| ROBERT BERGER | |
| MR. STEINER           * | |
| THEMA T. SCOTT | |
| SIA COMPANY, *et al*.           * | |
|     ***** | |

## **MEMORANDUM OPINION**

On October 30, 2014, this Court received for filing a Complaint and Motion for Leave to Proceed In Forma Pauperis, filed by Plaintiff Ross A. Fiorani ("Fiorani"), a resident of Kingstowne, Virginia. ECF Nos. 1 & 2. On November 3, 2014, Fiorani filed a document construed as a Supplemental Complaint. ECF No. 3. The allegations contained in the original Complaint accuse Defendants of false and deceptive practices in providing information to local Virginia police officers, resulting in theft of Fiorani's 2013 Dodge Charger automobile and the violation of federal and Virginia criminal code provisions. ECF No. 1.

Fiorani requests compensatory, equitable, and punitive damages against each Defendant. He invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 & 1332; 18 U.S.C. §§ 241, 242, 1961(a), *et seq.*, & 1512 , *et seq.*; 15 U.S.C. § 168, 1691, 5(a) & 45(a); the Federal Trade Commission Act; the Unfair Trade and Deceptive Business Practices Act; the Unfair Claims Settlement Practices Act; The Unfair Deceptive Insurance Claims Acts; the Fourteenth Amendment Due Process and Equal Protection Clauses; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

Assuming, arguendo, that Fiorani may bring these claims in federal court, the Court deems it appropriate to transfer his case.

Under Title 28 U.S.C. § 1391(b), a civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendants are primarily located in Virginia and a substantial portion of the events are alleged to have occurred in Virginia. Accordingly, the Court will, by separate Order filed this date, TRANSFER this case to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a).[1] *See In re Carefirst of Maryland, Inc.,* 305 F.3d 253, 255–256 (4th Cir. 2002) (transfer of case under § 1406(a) to any district which would have had venue if the case was originally brought in that district); *Waytes v. City of Charlottesville*, 153 F.3d 725 (4th Cir. 1998) (when confronted with a case laying venue in the wrong district, district court is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice).

---

[1] Decisions with regard to indigency status and service of process shall be left to the transferee court.

Dated: November 4, 2014 /s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE