IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ROSS A. FIORANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:14cv1498 (TSE/JFA) |
| v. | ) | |
| | ) | |
| NAVY FEDERAL CREDIT UNION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court pursuant to an Order by the Honorable T.S. Ellis, III referring this matter to the undersigned magistrate judge for preparation of a prompt report and recommendation. (Docket no. 7). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

Ross Fiorani ("plaintiff") is a *pro se* filer of frivolous claims in federal courts across the country. *See, e.g., Fiorani v. Hewlett-Packard Corp.*, No. 12-cv-01240, 2013 WL 6774071 (N.D. Cal. Dec. 23, 2013); *Fiorani v. Hewlett Packard Corp.*, No. 13-121, 2013 WL 1808244 (D. Del. Apr. 26, 2013); *Fiorani v. Chrysler-Dodge Corp.*, No. 1:10cv989, 2011 WL 1085034 (E.D. Va. Mar. 18, 2011); *Fiorani v. Lowry*, No. 08-cv-02373, 2010 WL 1381325 (D. Ariz. Mar. 31, 2010). In an effort to address these frequent and frivolous lawsuits in the Eastern District of Virginia, this court entered an Order on May 12, 2000, enjoining the plaintiff from filing future actions without first obtaining leave of court. *See Fiorani v. Metcalf*, No. 1:00cv619 (E.D. Va. May 12, 2000), ECF No. 13.

Plaintiff initiated this *pro se* action on October 30, 2014 by filing an eleven-count complaint in the United States District Court for the District of Maryland, presumably to avoid the prior injunction. (Docket no. 1) ("Compl."). Along with his complaint, plaintiff also filed an application to proceed *in forma pauperis*. (Docket no. 2). On November 6, 2014, the Honorable Peter J. Messitte ordered that this matter be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a), finding that the named defendants were primarily located in Virginia and a substantial portion of the events were alleged to have occurred in Virginia. (Docket nos. 4, 5). The order also directed plaintiff's motion to proceed *in forma pauperis* to be held in abeyance pending review by the transferee court. (Docket no. 5). On November 25, 2014, the Honorable T.S. Ellis, III referred the matter to the undersigned magistrate judge for a determination as to (i) whether plaintiff's *in forma pauperis* application should be granted or denied, and (ii) whether the matter should be dismissed, either in whole or in part, under 28 U.S.C. § 1915(e)(2). (Docket no. 7). As explained below, the undersigned magistrate judge recommends that plaintiff's *in forma pauperis* application be denied and the action dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2).

## Factual Background

Even construing the complaint liberally, the chronology of events surrounding plaintiff's allegations is unclear. The events in question began when plaintiff entered into a finance agreement for the purchase of a 2013 Dodge Charger.[1] Although the date of this purchase is unknown, the vehicle was later repossessed on October 17, 2014. (Compl. at 13). The allegations contained within plaintiff's complaint concern events that occurred during the interim. Plaintiff alleges that the repossession of this vehicle was the result of a criminal

---

[1] The complaint does not state this directly, but it alludes to some form of agreement whereby Navy Federal Credit Union was involved in a finance arrangement between plaintiff and the seller of this vehicle. When plaintiff defaulted on the arrangement, Navy Federal Credit Union took possession of the collateral.

conspiracy between Navy Federal Credit Union ("Navy Federal"), CUNA Insurance ("CUNA"), Fairfax County police officers, and a towing company. (*Id.* 1–4).

At some point prior to October 2013, plaintiff secured a loan through Navy Federal, whereby he financed the purchase of a 2013 Dodge Charger. Neither the payment schedule nor the amounts due under the contract are set forth in the complaint. Thereafter, CUNA entered into a contract with Navy Federal whereby CUNA agreed to provide loan protection insurance. (*Id.* at 13). The terms of this contract are similarly uncertain, but it appears that CUNA was required to forward payments to Navy Federal in the event plaintiff was unable to make the required payments under the original loan agreement.[2] Plaintiff alleges that after October 2013, defendants engaged in a conspiracy with CUNA, whereby CUNA stopped forwarding payments to Navy Federal without plaintiff's knowledge, consent, and authorization. (*Id.* at 8). During this time, plaintiff claims that the defendants made false representations that his account was "charged-off" and that no further payments were due. (*Id.* at 10).

After defaulting on the loan, Navy Federal began steps to take possession of the collateral securing the loan. Plaintiff alleges that Navy Federal conspired with SIA Company ("SIA") to intercept the vehicle by using the signal from its navigation system. (*Id.* at 3). After locating the vehicle, plaintiff alleges an SIA representative took possession of the vehicle with the assistance of two Fairfax County police officers. (*Id.* at 1). Plaintiff claims that the deprivation of his property in this manner amounts to grand larceny and constitutes a denial of due process. (*Id.* at 5). Plaintiff also alleges that the police officers who aided in the repossession of the vehicle engaged in police misconduct by misrepresenting whether plaintiff had the right to retain

---

[2] The contractual relationship between plaintiff and CUNA is unclear. *But see* Compl. at 13 ("Defendant CUNA's Insurance contract of insurance was sold to Insured, Plaintiff for coverage against loss to his personal property, on or about October 2, 2013.").

possession of the vehicle and its contents. (*Id.*). Thereafter, plaintiff reported the vehicle as stolen to the Fairfax County Police and received no response. (*Id.*).

Plaintiff's eleven-count complaint sets forth a laundry list of federal and state criminal and civil statutes, accompanied by a disjointed and incomplete set of facts. Although each count is accompanied by a heading, the allegations contained within the body of the claims themselves set forth completely separate causes of action. For example, the body paragraphs accompanying "Count 1 Civil Rights Violations, 18 U.S.C. § 241, § 242" include citations to "Consumer Protection Acts, as enacted by Congress," "the Federal Trade Commission Act," and various Virginia criminal statutes:  Va. Code § 18.2-22 (conspiracy to commit felony); Va. Code § 18.2-95 (grand larceny defined); Va. Code § 18.2-152 (stealing from or tampering with parking meter, vending machine, pay telephone, etc.); Va. Code § 18.2-499 (combinations to injure others in their reputation, trade, business or profession; rights of employees). (*Id.* at 8–9). The section of plaintiff's complaint entitled "General Allegations of Fact and Laws" sets forth additional claims, many of which are absent from the "Counts" of the complaint, including: the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; the Equal Credit Opportunity Act of 1974, 15 U.S.C. § 1691 *et seq.*; and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (*Id.* at 4).

In considering each of plaintiff's claims and the damages alleged therein, plaintiff seeks monetary damages in excess of $10,000,000.  Plaintiff also requests injunctive relief, "demand[ing] an order to and against Defendants, Navy Federal, to issue to plaintiff a clear, no lien auto title on the 2013 Dodge Charger R/T, which includes, but is not limited to all past and future incurred costs, fees and expenses to recover his stolen vehicle." (*Id.* at 21).

## Standard of Review

Given that plaintiff has sought leave to proceed *in forma pauperis*, the undersigned is giving the complaint preliminary consideration pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under the federal *in forma pauperis* statute, a district court has the authority to dismiss a complaint *sua sponte* that fails to state a claim upon which relief may be granted. *See Johnson v. Baskerville*, 568 F. Supp. 853, 858 (E.D. Va. 1983) ("The Fourth Circuit has long approved *sua sponte* dismissal prior to the issuance of a summons based on the authority of § 1915[e]."). The Fourth Circuit has also held that whether a complaint states a claim upon which relief can be granted under the federal *in forma pauperis* statute is determined by the same standard applied in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003); *see also Jones v. Link*, 493 F. Supp. 2d 765, 768 (E.D. Va. 2007). Therefore, in order to survive dismissal, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court of the United States has held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Additionally, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A court may also deem a complaint insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Twombly*, 550 U.S. at 557. In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

## Proposed Findings of Fact and Recommendations

As to plaintiff's motion for leave to proceed *in forma pauperis*, the court notes discrepancies between the application submitted and plaintiff's representations in the complaint. The allegations set forth in the complaint suggest that, at some point in time, plaintiff owned a 2013 Dodge Charger. Although plaintiff was unable to pay the full purchase price, it appears that he was able to arrange financing. In his application to proceed *in forma pauperis*, plaintiff claims that he is an "independent contractor" with no income. The total amount of claimed assets are $100 in cash, a 2004 Honda Odyssey, law books, and furniture with a total value of $50,000. Plaintiff also claims to be owed $125,000 from a pending lawsuit against the Commonwealth of Virginia. Plaintiff claims to have a spouse, who works for the National Institute of Health ("N.I.H.") in Bethesda, Maryland.[3]  Plaintiff's spouse also appears to own the house where plaintiff resides.[4]  The representations made in plaintiff's motion for leave to proceed *in forma pauperis* are wholly inconsistent with his apparent ability to obtain financing for a $30,000 sports car. Plaintiff claims not to have any assets held by a bank or other financial institution. It would be difficult to imagine a circumstance in which a seller would allow a customer to finance the purchase of an automobile when that individual has no bank account and minimal liquid assets. Based on the foregoing, the undersigned magistrate judge recommends that plaintiff's motion for leave to proceed *in forma pauperis* be denied.

Turning to the allegations set forth in the complaint, the undersigned finds that allowing plaintiff's complaint to move forward at this time would require this court to build upon inferences and manufacture facts that have not been alleged. Recognizing that "a *pro se*

---

[3] In other cases filed in this court, plaintiff has indicated that he is separated from his spouse. *See Fiorani v. Chrysler-Dodge Corporation*, No. 1:10cv0989 (E.D. Va. Aug. 31, 2010), ECF No. 2.

[4] Under the "Assets owned by you or your spouse," plaintiff lists "Femm Sole" as the value of his home. Under English common law, *"feme sole"* referred to an unmarried, widowed, or divorced woman who obtained legal independence, separate from her husband.

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," there are still limits to the liberal construction that may be afforded by the reviewing court. *Boyce v. Alizaduh*, 595 F.2d 948, 951 (4th Cir. 1979) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even overlooking the disjointed nature of plaintiff's complaint, the allegations contained therein simply do not allege enough facts to support the stated claims. While pleadings filed by *pro se* litigants are afforded liberal construction, the litigant must still allege facts that allow the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. Plaintiff's complaint contains citations to more than ten violations of federal law and seven violations of Virginia law. Setting for forth the elements of each claim in an attempt to gauge whether plaintiff has plead enough facts to allow the court to draw a reasonable inference as to the defendants' liability is an unnecessary task given the deficiencies in the complaint. The undersigned also takes judicial notice of the pattern and practice of plaintiff's frivolous filings in federal courts across the country. As evidenced by the pre-filing injunction issued by this court, plaintiff has tested the court's patience with these filings in the past and this most recent filing is no exception.[5]

After carefully considering the plaintiff's allegations, the undersigned finds the complaint to be frivolous and recommends dismissal of this action under 28 U.S.C. § 1915(e)(2). Courts in the Eastern District of Virginia—following precedent established by the Supreme Court of the United States—have found cases to be frivolous "if a plaintiff would not be entitled to relief under any arguable construction of law or fact." *See Taylor v. Obama*, 2009 WL 7271851, at *1 (E.D. Va. June 3, 2009). Courts have recognized two types of frivolous pleadings: those that are

---

[5] The undersigned is not the first judge in this district to make such an observation. *See Fiorani v. 1st Advantage Federal Credit Union*, No. 4:08cv109, 2009 WL 6305779, at *1 (E.D. Va. Feb. 5, 2009) ("Plaintiff is clearly a contumacious litigator with little regard for the seriousness of Court proceedings. This is evidenced by Plaintiff's prior filings in the Alexandria Division and his filings in this action.").

"factually frivolous" and those that are "legally frivolous." Thus, a court may dismiss an *in forma pauperis* complaint *sua sponte*, where it lacks arguable basis either in fact or in law. The term "frivolous" as it is used in 28 U.S.C. § 1915(e)(2) has come to include not only inarguable legal conclusions, but also fanciful factual allegations. In the present case, the undersigned finds that plaintiff's complaint is both legally and factually frivolous. Plaintiff's complaint is a disjointed list of various federal and state civil and criminal statutes, the majority of which appear to have no relationship to the event at issue.[6] *See, e.g.*, Compl. at 1, 3, 5–6, 9, 12, 13, 15, 20 (citing Va. Code § 18.2-152 (stealing from or tampering with parking meter, vending machine, pay telephone, *etc.*)). The "event" itself is similarly unclear, marred by conclusory statements that proceed with limited reference to chronology, location, and the parties involved. Furthermore, under 28 U.S.C. § 1915, this court is "not bound . . . to accept without question the truth of plaintiff's allegations" simply because "they cannot be rebutted by judicially noticeable facts." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Based on the foregoing, the undersigned magistrate judge recommends dismissal pursuant to 28 U.S.C. § 1915(e)(2).

---

[6] None of the eleven "Counts" set forth in the complaint hold up to scrutiny. Count 1 alleges a "civil rights violation under 18 U.S.C. §§ 241, 242" (criminal statutes); Count 2 alleges "common law fraud" based on not providing any notice or response to other lawsuits plaintiff filed in Iowa and Virginia; Count 3 alleges "conspiracy under the RICO Act" but fails to set forth sufficient facts to support the various elements of a RICO claim; Count 4 alleges "grand theft auto and larceny" citing several Virginia criminal statutes; Count 5 alleges "intentional acts of bad faith" but fails to show how a claim for acts of bad faith could be a separate cause of action and fails to state any specific actions that were undertaken in bad faith; Count 6 asserts a claim for "unfair claims practices" but fails to state how the denial of insurance coverage was unfair or deceptive under the applicable policy; Count 7 alleges "vicarious liability/respondeat superior" which is not a separate cause of action; Count 8 claims "unfair trade and deceptive business practices" under 15 U.S.C. § 45(a) which does not provide for a private right of action; Count 9 attempts to assert a claim under Virginia Code §18.2-499 but fails to allege sufficient facts to support the required element of injury to reputation, trade, business, or profession; Count 10 alleges breach of contract, tortious interference with contract, business expectancy but fails to state facts to support this claim; and Count 11 claiming a breach of federal and state computer crimes act fails to establish how the alleged use of a vehicle's GPS navigation system constitutes a crime of hacking.

## Conclusion

For these reasons, the undersigned magistrate judge recommends that plaintiff's motion for leave to proceed *in forma pauperis* be denied and the complaint be dismissed in its entirety, pursuant to 28 U.S.C. § 1915(e)(2).

## Notice

By means of the court's electronic filing system, and by mailing a copy of this proposed findings of fact and recommendations to the plaintiff, Ross A. Fiorani, at 7115 Latour Court Kingstowne, Virginia 22315, the parties are notified that objections to these proposed findings of fact and recommendations must be filed within fourteen (14) days of service of these proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

ENTERED this 29th day of December, 2014.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

9